IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 10, 2024

## IN RE DAKOTA V.

**Appeal from the Juvenile Court for Maury County**
**No. 2024-JV-56     Douglas K. Chapman, Judge**

_____

**No. M2024-00530-COA-T10B-CV**
_____

This appeal arises out of proceedings in which a trial court denied a motion to recuse. The parents of the minor child at issue have attempted to appeal pursuant to Rule 10B of the Rules of the Supreme Court of the State of Tennessee. Because the parents did not timely file a petition for recusal appeal, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Christopher V., Columbia, Tennessee, Pro se.

Ashley V., Columbia, Tennessee, Pro se.

## OPINION

The appealing parties in this matter are the parents of the minor child at issue. On February 20, 2024, the trial court entered an order denying a motion to recuse filed by the parents.[1] Although the parents evidently now desire to challenge this order under the

---

[1] Of note, the motion to recuse does not appear to be in the materials provided to us in this appeal. Even if a true and timely petition for recusal appeal had been filed in this matter (which is not the case as discussed *infra*), the absence of the motion to recuse would have posed an impediment to our review. As we have explained before,

> [i]n expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition. *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016). Rule 10B requires the appellant's petition to "be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order

umbrella of an interlocutory appeal pursuant to Rule 10B of the Rules of the Supreme Court of the State of Tennessee, a petition for recusal appeal has not been timely filed in this Court. This is fatal to the parents' apparent desire for an interlocutory appeal of the recusal matter. Indeed, "[t]o effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B, § 2.02. This time period for filing is jurisdictional and cannot be extended. Tenn. Sup. Ct. R. 10B, § 2.08; *see also Doe by Doe v. Brentwood Acad. Inc.*, No. M2018-00668-COA-T10B-CV, 2018 WL 2282605, at *1 (Tenn. Ct. App. May 18, 2018) (holding that there was an absence of subject matter jurisdiction over a "belatedly-filed petition"). Here, the parents not only failed to timely file a petition for recusal appeal, they actually failed to file any petition for recusal appeal with this Court, belated or otherwise, that complies with Rule 10B.[2]

We need not tax the length of this Opinion with other ancillary or technical observations the submitted filings have engendered, and of course, our disposition of this appeal does not in any way evaluate the substantive merits of what has transpired in the trial court to date. We simply hold that the parents have not properly and timely effectuated an interlocutory appeal pursuant to Rule 10B. Because we are therefore without jurisdiction, the Rule 10B appeal is hereby dismissed.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

*Smith v. Daniel*, No. M2019-02083-COA-T10B-CV, 2019 WL 6825976, at *1 n.1 (Tenn. Ct. App. Dec. 13, 2019).

[2] Rather than file a petition for recusal appeal containing a "statement of the issues," "statement of the facts," "argument," and a "short conclusion," *see* Tenn. Sup. Ct. R. 10B, § 2.03 (outlining what a petition for recusal appeal "shall contain"), the parents submitted a notice of appeal form with this Court. The parents' notice of appeal form (mailed to our Clerk's office on March 27, 2024, and entered as a filing on April 1, 2024) was not even mailed to the Court within twenty-one days of the February 20, 2024, order on recusal.